## WARE ET AL. *vs.* WILLIS.

[ACTION ON BILL OF EXCHANGE BY INDORSEE AGAINST ACCEPTOR.]

1. *Award, effect of; bill of exchange given in pursuance of, not renewal of old obligation.*—When a controversy arises about a debt contracted before the 25th day of July, 1865, and the same is submitted to arbitration, and the arbitrators by their award require the debtor to give the creditor a bill of exchange, accepted by a third person, and this is accordingly done in pursuance of the award, such bill is not a renewal of the old debt; that is extinguished by the award.

2. *Same; when suit on such bill stands for trial.*—An action on such a bill, by the indorsee against the acceptor, if the summons is executed

twenty days before the return thereof, stands for trial at the first term; therefore, an objection by the defendant to a trial before the third term, is properly overruled.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

One of the appellants being indebted to one Wharton, on a contract existing prior to the 25th of July, 1865, and having a dispute in relation thereto, according to a parol agreement submitted the matter in dispute to arbitration. On the 30th day of June, 1868, the arbitrators made an award in parol, which was assented to by the parties, and in accordance therewith, the appellants executed the bill of exchange which was the foundation of this action to Wharton, who endorsed it to the appellee. The action was commenced by summons and complaint on the 14th of April, 1869, returnable to the June term, 1869, of the circuit court, and was executed on the 19th of the same month. The cause came on regularly to be heard at the January term, 1870, when appellants objected to the trial of the cause, "because the bill of exchange, the foundation of the suit, was the renewal of a debt or obligation contracted prior to the year 1865."

The court overruled appellants' objection, and appellants saying nothing further in bar or preclusion of plaintiff's demand, the court rendered judgment against them. The appellants duly excepted to the overruling of their objection, and now assign for error—

1st. The rendition of the judgment at the term at which it was rendered.

2d. The rendition of the judgment.

WALKER, MURPHEY & WINTER, for appellants.—The renewal mentioned in section 2660 of the Revised Code is perhaps synonymous with the novation of the civil law. See Renewal and Novation in Bouvier's Law Dictionary. At least that is the strongest point of view in which the question can be presented against the defendant below, for if the term "renewal," applied to every change of form, is

9

broad enough to embrace every change in a contract, then the defendant clearly had a right to delay.

A novation is the substitution of a new for an old debt, (the old debt being extinguished.) The arbitration and award and the execution of the award, bearing a strict analogy to an accord, and satisfaction would extinguish the precedent debt.—1 Saunders on Pl. & Ev. 177 ; *Lynn et al. v. Bruce*, 2 Blackstone, 317 ; 1 Pothier on Obligations, part 3, ch. 1, article 1, and note *b*.

The effect of the award in this case is substantially the same as if the parties at first disagreeing had afterwards adjusted the difference among themselves by the debtor's giving, and the creditor's accepting, the bill of exchange in place of the precedent debt. In the latter, and so, also, in the former, there is a renewal of the old debt.

WATTS & TROY, *contra.*—The bill of exchange sued on was not a *mere renewal* of a debt in existence before 25th July, 1865. It was given in settlement of an *award of arbitrators* in June, 1868.

The award of arbitrators is like a judgment of a court of record, and can not be impeached or set aside except for fraud of the arbitrators.—*Bumpass v. Webb*, 4 Por. 65. At common law, the award of arbitrators was considered equivalent to the judgment of a court, as to its binding effect; and if it was predicated on any contract or other cause of action, these were merged in the *award*, and no suit could afterwards be brought on the contract, or other cause of action. The award might have been pleaded as a bar to any such suit on the contract or other cause of action.—See the following authorities : *McAlpin v. May*, 1 Stewart, 520 ; *Bumpass v. Webb*, 4 Porter, 65 ; *McJenny v. Haverse*, 1 Stewart, 244 ; *Smith v. McGehee*, 14 Ala. 404 ; *Burns v. Henderson*, 7 Ala. 531.

The common law mode of arbitration is not abrogated by the statutes.—See *Morton v. Chapman*, 1 Ala. 280 ; *Byrd v. Odem*, 9 Ala. 755.

PECK, C. J.—1. If a controversy arises between the parties to a debt, contracted prior to the 25th of July, 1865,

and the same is submitted to arbitration, and the arbitrators make an award requiring the debtor to give the creditor a bill of exchange, accepted by a third person, payable in three months, and a bill is accordingly given in pursuance of the award, such bill can in no legal sense be said to be given in renewal of the old debt. The award is final and conclusive between the parties, and the old debt is, thereby, extinguished.

An action on such a bill, by an indorsee against the acceptor, for non-payment, if the summons is executed twenty days before the return thereof, stands for trial at the first term, unless good cause is shown for a continuance. It follows, therefore, that the objection of the appellant, in the circuit court, to a trial of this cause before the third term of said court, after the same was commenced, was rightly overruled.

Let the judgment be affirmed, at the cost of the appellant.